# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SALEEM EL-AMIN,**

                 **Petitioner,**

      **v.**                                       **CASE NO. 19-3156-JWL**

**N.C. ENGLISH,**

                 **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

### Background

Petitioner is a District of Columbia offender held at the United States Penitentiary-Leavenworth. He was convicted of one count of armed robbery. *Elamin v. United States*, 164 A.3d 118 (D.C. Ct. App. May 11, 2017). In March 2019, this Court denied his application for habeas corpus filed under 28 U.S.C. § 2254. *El-Amin v. English*, 2019 WL 1115265 (D. Kan. Mar. 11, 2019). That matter is on appeal.

In the present petition, petitioner alleges that his appellate post-conviction counsel provided ineffective assistance by filing a motion he describes as frivolous and by filing a recusal motion he believes was without support. He seeks a remand for a new hearing and release from custody.

### Discussion

"A 'conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law,' and a challenge to a Superior Court conviction is 'properly brought under

28 U.S.C. § 2254.'" *Wright v. Wilson*, 930 F.Supp. 2d 7, 10 (D.D.C. 2013)(quoting *Smith v. United States*, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000)).

As petitioner recognizes, the claim that he presents is barred by § 2254(i):

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

28 U.S.C. § 2254(i).

Petitioner seeks to avoid this bar by proceeding under 28 U.S.C. § 2241, alleging the remedy under § 2254 is inadequate or ineffective. This argument echoes the so-called "savings clause" in 28 U.S.C. §2255(e), which in limited circumstances allows a federal prisoner to challenge the validity of federal detention under § 2241 when the remedy under § 2255 is inadequate or ineffective. In this case, however, § 2241 does not provide petitioner with a remedy. Not only is it clear that a District of Columbia prisoner must challenge his conviction under § 2254, there is no comparable savings clause in §2254 that might allow a state prisoner to present such a challenge under § 2241, nor does petitioner identify any authority that would allow him to proceed under § 2241 to present a challenge that is statutorily barred by § 2254(i).

## Conclusion

The Court has considered the record and concludes this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the petition is dismissed and all relief is denied.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 26th day of August, 2019, at Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> U.S. District Judge